NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR ELIAS VELASQUEZ-CARRILLO, AKA Edgar Elias Carrillo, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-70807 <br><br> Agency No. A216-268-591 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]
Pasadena, California

Before: M. SMITH, OWENS, and BRESS, Circuit Judges.

Edgar Elias Velasquez-Carrillo petitions for review of a Board of Immigration

Appeals (BIA) decision dismissing his appeal of the denial of his application for

cancellation of removal, asylum, withholding of removal, and protection under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We deny in part and dismiss in part the petition for review.

1.    Velasquez-Carrillo seeks cancellation of removal on the ground that his family relies on him for financial and emotional support.  To qualify for cancellation of removal, an alien must establish that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child."  8 U.S.C. § 1229b(b)(1)(D).  "We lack jurisdiction to review the BIA's discretionary determination that an alien failed to satisfy the 'exceptional and extremely unusual hardship' requirement for cancellation of removal." *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003).  The BIA held that Velasquez-Carrillo did not establish the requisite hardship and we therefore lack jurisdiction to consider this claim.

2.    We review denials of asylum and withholding of removal "for substantial evidence." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted).  "Under the substantial evidence standard, the court upholds the BIA's determination unless the evidence in the record compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007).  The BIA's legal determinations are reviewed *de novo*. *Edu v. Holder*, 624 F.3d 1137, 1142 (9th Cir. 2010).

Velasquez-Carrillo seeks asylum and argues that his untimely application for such relief should be excused because he did not know he had to file within one year

2

of his arrival. *See* 8 U.S.C. § 1158(a)(2)(B) (establishing one-year deadline for asylum applications). If an applicant fails timely to file his asylum application, he must demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay." *Id.* § 1158(a)(2)(D). Substantial evidence supports the BIA's determination that Velasquez-Carrillo's ignorance of the law did not constitute an extraordinary circumstance. *See, e.g.*, *Antonio-Martinez v. I.N.S.*, 317 F.3d 1089, 1093 (9th Cir. 2003).

3.      Velasquez-Carrillo seeks withholding of removal on the ground that his life or freedom would be threatened in his native Guatemala based on his membership in two "particular social group[s]." 8 U.S.C. § 1231(b)(3)(A). Among other requirements, an applicant for withholding of removal based on "membership in a particular social group" must demonstrate that the group is "defined with particularity." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (citation omitted). This means the group must be "defined by characteristics that provide a clear benchmark for determining who falls within the group," must be "discrete and have definable boundaries," and cannot be "amorphous, overbroad, diffuse, or subjective." *Id.* at 1139 n.11 (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 239 (BIA 2014)).

Velasquez-Carrillo's first proposed social group consists of "Guatemalan

3

youth who resisted and rejected membership in a gang based on his own personal moral and religious opposition to the gang's value[s] and activities." Here, Velasquez-Carrillo claims that he implicitly argued persecution based on "political opinion," a separate ground for withholding of removal, 8 U.S.C. § 1231(b)(3)(A), because he refused to join Mara 18 for "political and religious" reasons. Substantial evidence supports the BIA's conclusion that Velasquez-Carrillo did not demonstrate persecution on account of his political opinion. Based on Velasquez-Carrillo's testimony, Mara 18 recruited "all the young people" in Velasquez-Carrillo's village; nothing suggests Mara 18 targeted Velasquez-Carrillo because of his political beliefs.

Velasquez-Carrillo's second proposed social group is defined as "individual[s] returning to Guatemala after living many years in the United States and who may be perceived as wealthy." Substantial evidence supports the BIA's conclusion that this proposed social group lacks particularity. We have rejected groups consisting of returnees to a country as lacking particularity. *See, e.g.*, *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010) (per curiam) (rejecting a proposed social group of "returning Mexicans from the United States"). Velasquez-Carrillo's attempt to limit this group to those that arrived in the United States as children is unavailing. Substantial evidence supports the BIA's decision that such a group is still overbroad, in that it would include individuals with "a

4

plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings." *Id.* (citation omitted).

4. We likewise reject Velasquez-Carrillo's challenge to the BIA's dismissal of his CAT claim. An alien is entitled to CAT protection if he demonstrates that it is more likely than not that he would be tortured "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" if removed. 8 C.F.R. § 1208.18(a)(1). Substantial evidence supports the BIA's conclusion that Velasquez-Carrillo failed to make this showing. For example, the BIA cited the immigration judge's finding that the Guatemalan government has taken steps to address gang violence.

5. Finally, Velasquez-Carrillo argues he was not properly advised of the requirement to post bond in support of the immigration judge's grant of voluntary departure. Because he did not raise this argument to the BIA, we lack jurisdiction to consider it. 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam).

We have carefully considered Velasquez-Carrillo's other arguments and conclude they are without merit. We also deny as moot Velasquez-Carrillo's motions for stay of removal.

**PETITION DENIED IN PART AND DISMISSED IN PART.**